RENDERED:  DECEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0286-MR

RYAN DOUGLAS SALMONS, BY
JOHN J. DAVIS, CONSERVATOR                                         APPELLANT


                              APPEAL FROM PIKE CIRCUIT COURT
v.                            HONORABLE EDDY COLEMAN, JUDGE
                              ACTION NO. 13-CI-01041


QUICKEN LOANS, INC.                                               APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND TAYLOR, JUDGES.

COMBS, JUDGE:  Ryan Douglas Salmons, by John J. Davis, Conservator, appeals

the summary judgment of the Pike Circuit Court entered on February 17, 2022, in

favor of Quicken Loans, Inc.  After our review, we affirm.

        By an order of the Pike District Court entered in April 1998, Keith

Salmons was appointed guardian of his disabled son, Ryan.  In October 1998,

Salmons, as Ryan's guardian, purchased a parcel of real property on Turkey Creek in Pike County.

In 2003, Salmons, as Ryan's guardian, filed a motion in Pike District Court requesting approval to mortgage the Turkey Creek property to secure a loan from Quicken Loans, Inc. Following an evidentiary hearing that included the participation of a guardian *ad litem* appointed for Ryan specially for the transaction, an order was entered on September 19, 2003, approving the loan and execution of a security agreement. The mortgage, executed by Salmons and his wife, Debbie Salmons, both individually, was recorded on October 9, 2003. However, the mortgage was re-executed and re-recorded on December 15, 2003, in order to "correct a signature." This corrected mortgage was executed by Keith Salmons both individually and as Ryan's guardian. The loan was repaid in 2009; the mortgage was duly released. Eventually, Salmons received approval from the Pike District Court to sell the Turkey Creek property. It was sold to Randy Davis in 2010.

By order entered in early-2013, John J. Davis was appointed Ryan's conservator. Keith Salmons remained Ryan's limited guardian; a stand-by guardian was also appointed.

On September 20, 2013, Ryan, by Davis, his conservator, filed a civil action in Pike Circuit Court against Keith Salmons; Quicken Loans; Randy Davis

(the 2010 purchaser of the Turkey Creek property); and other banks. Ryan's complaint alleged that Keith Salmons and Quicken Loans should have known at the time of the loan and execution of the mortgages that the court's order authorizing the transaction was not final. Therefore, the mortgages were void. The complaint alleged that Keith Salmons "used Ryan's assets to make the payments . . . required by the note and mortgages" and that Quicken Loans should have known that the loan would be repaid with Ryan's funds. The complaint alleged that Quicken Loans breached its fiduciary duty to Ryan when it disbursed the loan proceeds and converted Ryan's funds by accepting repayment of the loan. Subsequently, Randy Davis was dismissed as a party to the litigation -- as were the other banks. In 2015, Keith Salmons died in hospice care; the action against him was not revived.

On December 2, 2019, the Pike Circuit Court, *sua sponte*, entered notice that the remaining claims -- those asserted against Quicken Loans -- would be dismissed for lack of prosecution. Through his conservator, Ryan filed a motion for summary judgment. Quicken Loans also filed a motion for summary judgment.

Following a hearing, the circuit court concluded that Quicken Loans was entitled to judgment as a matter of law. It explained that Quicken Loans was entitled to rely upon the order of the district court approving the transaction; that it

-3-

did not owe a fiduciary duty to Ryan Douglas Salmons; and that it could not be "held liable for being a party to an agreement with the actual fiduciary, Keith Salmons, which [Salmons] was expressly permitted to enter into by order of the district court." This appeal followed.

Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. Because summary judgment involves only questions of law and not the resolution of disputed material facts, we do not defer to the trial court's decision. *Goldsmith v. Allied Building Components, Inc.*, 833 S.W.2d 378 (Ky. 1992). Instead, we review the decision *de novo*. *Cumberland Valley Contrs., Inc. v. Bell County Coal Corp.*, 238 S.W.3d 644 (Ky. 2007).

On appeal, Ryan's conservator argues that the circuit court erred by granting summary judgment because Quicken Loans never had a valid mortgage on Ryan's real property. He argues that the mortgage instrument was void because the order authorizing Keith Salmons, his guardian, to mortgage the Turkey Creek property was legally insufficient -- rendering the instrument void. He contends that the failure of Quicken Loans to see that the order complied with applicable

---

[1] Kentucky Rules of Civil Procedure.

law "provided it an unfair advantage and imposed an unfair detriment on Ryan, the person to be protected by the judicial process, and there is no reason to allow Quicken to ignore the statutory scheme and benefit from its failures."

Even if we were to assume that the disputed mortgages recorded in 2003 were void *ab initio*, the fact remains that they were satisfied and released several years before this litigation commenced. Consequently, we can discern no basis upon which Ryan's conservator can demonstrate that Ryan is entitled to the relief he seeks. He cannot show that Ryan suffered damages that are compensable pursuant to any statute or the common law. We conclude that the trial court did not err by granting summary judgment to Quicken Loans.

Accordingly, the order of the circuit court is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Stephen L. Hogg
Pikeville, Kentucky

BRIEF FOR APPELLEE:

Zachary M. VanVactor
Louisville, Kentucky